IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LINDA R. JAMES                                                    PLAINTIFF

v.                           Civil No. 11-3071

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Linda James, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

I.      **Procedural Background:**

Plaintiff filed her application for DIB on December 1, 2005, alleging an onset date of April 1, 1996, due to chronic neck and back pain, carpal tunnel syndrome, peripheral neuropathy of the upper extremities, and residual pain post left humerus fracture and surgical repair. Tr. 45-49, 93, 490.  The Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 26-29, 33-39.  An administrative hearing was held on September 27, 2007, and an unfavorable decision was rendered on March 25, 2008. Tr. 12-17, 446-482.  The matter was then appealed to this court, resulting in a remand order on January 28, 2010.  A second administrative hearing was then held on September 9, 2010.  Tr. 523-571.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 49years old as of her date lat insured, had the equivalent of a high school education, and had past relevant experience as a box folding machine operator. Tr. 493, 528-541.

On June 2, 2011, the ALJ found Plaintiff's degenerative disk disease ("DDD") of the cervical and lumbar spine, bilateral carpal tunnel syndrome, cubital tunnel syndrome status post surgery, and bilateral hallux abductovalgus with bunion and saddle bone deformity status post surgery, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 through March 31, 1999, her date last insured.  Tr. 489.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work involving only occasional climbing of ramps and stairs, balancing, and stooping, and no climbing of ladders, ropes or scaffolds, kneeling, crouching, or crawling.  He also concluded she was able to frequently, but not constantly, handle and finger bilaterally, but could not perform overhead work or operate foot controls bilaterally.  Tr. 489-493.  With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a convex grinder operator, zipper machine operator, escort vehicle driver, call out operator, and charge account clerk.  Tr. 493-494.

Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned for report and recommendation.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 7, 8.

## II.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v.*

2

*Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

We note that this matter was previously remanded by this court for further development of the record.  Specifically, the ALJ was directed to obtain medical records from Drs. Boseker and Robinson,

3

so that Plaintiff's neck and back pain could be properly evaluated.  The ALJ contends that he was unable to obtain an RFC assessment from Dr. Boseker because he passed away in January 2008, and states that Plaintiff did not provide complete information regarding Dr. Robinson, thereby preventing him from sending interrogatories to this doctor as well.

While an RFC assessment from one of Plaintiff's treating physicians would have been useful, assuming it related to the relevant time period, that was not the reason this matter was remanded.  The case was remanded so that the ALJ could obtain Plaintiff's medical records from these providers, in the hope that these records would shed further light on Plaintiff's abilities and limitations.  The ALJ did not, however, even attempt to obtain medical records from Dr. Boseker.  And, while we understand that Dr. Boseker passed away in 2008, state law requires that medical records be kept for a period of years following the patient's last treatment by the provider.  Many providers keep them even longer than required by law.  At the expiration of the statutory time period, a health care provider may destroy the records, provided they maintain the information contained in the master patient index.  Because the ALJ never attempted to obtain Plaintiff's medical records, we do not know whether or not Dr. Boseker's records are obtainable.  Accordingly, we believe that remand.  As it has likely been more than 10 years since Plaintiff was last treated by Dr. Boseker, the master patient index might be all that is available.  However, given the scant medical evidence of record, we believe the ALJ should at least attempt to obtain these records.[1]

We also note that the record does not contain an RFC assessment that takes into account all of the relevant medical evidence.  Although Dr. Crow offered a non-examining, consultative opinion, his assessment was made without the benefit of any medical evidence pertinent to Plaintiff's neck and back

---

[1] We understand that it is common practice of a deceased or retired medical provider to forward his medical records to another provider if he did not practice in a medical group.  On remand, the ALJ should inquire as to where Dr. Boseker's records were sent following his death, and attempt to obtain those records from that source.  A mere statement that the doctor is deceased and his records can not be obtained will not be sufficient.

AO72A
(Rev. 8/82)

pain, including the 1994 MRI and subsequent letter from Tim Franks. And, the other RFC assessments contained in the file that do take this evidence into consideration, also incorporate medical evidence dated after Plaintiff's date last insured, thereby rendering them of little value. As such, on remand, the ALJ should also forward the relevant medical records to a medical expert for an assessment of Plaintiff's ability to perform work-related tasks during the relevant time period. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace). Without such an assessment, the record is devoid of any clinical findings to support the RFC assessed by the ALJ. *See McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982) (ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings).

**IV.**   <u>**Conclusion:**</u>

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>10th</u> day of December 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)